IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MARLON MATTHEW PITTMAN,** BOP Reg. # 61199-065,    Movant, | : : : : : | **MOTION TO VACATE 28 U.S.C. § 2255** |
| v. | : : | **CRIMINAL ACTION NO. 1:17-CR-274-AT-AJB-2** |
| **UNITED STATES OF AMERICA,**    Respondent. | : : : | **CIVIL ACTION NO. 1:20-CV-1398-AT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Marlon Matthew Pittman, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 125.]¹ The Government filed a response in opposition. [Doc. 127.] Movant filed a reply, [Doc. 129], and a motion to dismiss indictment, [Doc. 130], to which the Government did not respond. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 125], and motion to dismiss indictment, [Doc. 130], be **DENIED**.

---

¹    Citations to the record in this Final Report and Recommendation refer to case number 1:17-cr-274-AT-AJB-2.

### I.     28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

"[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted). In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

**II.   Discussion**

On August 27, 2018, Movant pleaded guilty to (1) conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and (2) money laundering, in violation of 18 U.S.C. § 1956(h). [*See* Docs. 1, 106.] On March 25, 2019, the District Court filed the Judgment and Commitment, sentencing Movant to 204 months of imprisonment, followed by eight years of supervised release. [Doc. 121.] Movant did not appeal. [Doc. 125 at 1.] Movant timely executed his § 2255 motion on March 24, 2020. [*Id.* at 6.] Movant claims that trial counsel provided ineffective assistance by

3

(1) "allowing the Career Criminal Act . . . to apply" (ground one), and (2) failing to challenge the indictment (grounds two and three). [*Id.* at 4-5, 7-9.]

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

4

In ground one, Movant claims that trial counsel provided ineffective assistance by "allowing the Career Criminal Act . . . to apply." [Doc. 125 at 4, 7-8.] However, as the Government correctly points out, the career offender enhancement under U.S.S.G. § 4B1.1 did not apply to Movant because his adjusted offense level of 42 was already higher than the level of 37 provided by the career offender enhancement. [Doc. 127 at 2, 3 n.1, 6 n.2, 10.] "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). Because the career offender enhancement did not apply to Movant, trial counsel did not perform deficiently, and Movant was not prejudiced.

In grounds two and three, Movant claims that trial counsel provided ineffective assistance by failing to challenge the indictment. [Doc. 125 at 4-5, 8-9.] Movant argues that (1) the money laundering count required a separate count of sale of cocaine, and (2) the conspiracy count required a separate count of possession of cocaine. [*Id.*] However, money laundering, sale of cocaine, conspiracy, and possession of cocaine are separate offenses. There is no requirement for a defendant charged with (1) money laundering to also be charged with sale of cocaine, and (2) conspiracy to also be charged with possession of

5

cocaine. *See United States v. Magluta*, 418 F.3d 1166, 1174 (11th Cir. 2005) (explaining that proof of money laundering does not require proof of commission of felony drug offenses, because "laundering someone else's illegal proceeds is just as bad as laundering your own"); *United States v. Lee*, 622 F.2d 787, 790 (5th Cir. 1980) (explaining that "conviction of drug conspiracy does not require proof of possession"). [Doc. 127 at 12-14.] Because Movant's arguments regarding the indictment are meritless, trial counsel did not perform deficiently, and Movant was not prejudiced.

Accordingly, Movant should be denied § 2255 relief as to grounds one, two, and three, and his motion to dismiss indictment should be denied.

### III. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether

(or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV.  **Conclusion**

For the reasons stated above,

7

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 125], be **DENIED**, (2) the motion to dismiss indictment, [Doc. 130], be **DENIED**, (3) a COA be **DENIED**, and (4) civil action number 1:20-cv-1398-AT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 action to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 24th day of March, 2022.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE